United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jabed Hossain, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3182 |
| | § | |
| Raymond Thompson, | § | |
| | § | |
| Respondent. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jabed Hossain is a native and citizen of Bangladesh who is charged with having unlawfully entered the United States in 2024. Docs. 1 ¶ 25, 11-1. Upon entering the country, he was immediately detained by the Department of Homeland Security and placed in expedited removal proceedings that same day. Doc. 11-1.

Petitioner, however, claimed a fear of persecution or torture if returned to Bangladesh, so DHS vacated the expedited removal order and issued Petitioner a Notice to Appear. *Id.* ¶ 26, 11-2. Several months later, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. Doc. 11-3. In this subsequent hearing, the immigration judge denied his asylum application and ordered Petitioner removed to Bangladesh. Doc. 11-4. Petitioner timely appealed the removal order and asylum determination, and his appeal remains pending with the Board of Immigration Appeals. Docs. 1 ¶ 3, 11-5. Based on Petitioner's appeal, the Court concludes that Petitioner's order of removal, as a matter of law, is not yet administratively final. Doc. 1 ¶ 3.

Pending the appeal, Petitioner remains in the custody of the Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Doc. 1 at 5. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act; and (ii) the Due Process Clause of the Fifth Amendment. Doc. 1 ¶¶ 58–62.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 11, to which Petitioner has responded in opposition, Doc. 11. The Court addresses each of Petitioner's arguments in turn.

## I. IMMIGRATION AND NATIONALITY ACT

As a threshold matter, the Court must first determine which statute, if any, is appropriately invoked to justify Petitioner's detention. Petitioner initially contended that DHS was subjecting him to discretionary detention under 8 U.S.C. § 1226. *See* Doc. 1 ¶ 5. Specifically, Petitioner argued that his asylum proceedings render him "not in an admission . . . posture," so DHS must be discretionarily detaining him under 8 U.S.C. § 1226. *Id.* ¶¶ 31–32. In contrast, Respondent maintains that Petitioner is not entitled to a bond hearing and is subject to mandatory detention while his asylum claim remains pending under 8 U.S.C. § 1225(b)(1)(B)(ii). *See* Doc. 11 at 3. In his Reply, Petitioner retorted that is not an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Doc. 12 at 3.

Respondents correctly identify 8 U.S.C. § 1225(b)(1)(B)(ii) as the statutory basis for Petitioner's detention. Section 1225(b) divides applicants for admission into two

categories—those detained for further consideration of asylum claims under 1225(b)(1) and those detained pending a removal proceeding under 1225(b)(2). *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Normally, aliens subject to Section 1225(b)(1) are afforded an expedited removal process. *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 673 (S.D. Tex. 2021). If, however, an immigration officer deems an alien inadmissible but the alien "indicates either an intention to apply for asylum . . . or a fear of persecution," the officer must refer the alien for an interview before an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii). And if the asylum officer determines in the interview that the alien has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

Despite Petitioner's representation to the contrary, *see* Docs. 1, 12, he has *not* been detained pursuant to the current Administration's practice of keeping aliens in custody pending their removal proceedings under 8 U.S.C. § 1225(b)(2)(A). Nor could he be. 8 U.S.C. § 1225(b)(2)(B) specifically exempts three classes of aliens from detention under (b)(2)(A), including aliens to whom 8 U.S.C. § 1225(b)(1) applies. Because Petitioner has claimed asylum—placing him within the ambit of 8 U.S.C. § 1225(b)(1)(A)(ii)—he cannot be detained under (b)(2)(A).

Having identified the appropriate statutory basis for Petitioner's detention, the Court next determines whether 8 U.S.C. § 1225(b)(1)(B)(ii) demands his release once a certain period of time elapses. It does not. In *Jennings v. Rodriguez*, the Supreme Court rejected claims that either 1225(b)(1) or 1225(b)(2) implicitly limits detention length. *Jennings*, 583

U.S. at 298. The Ninth Circuit had read *Zadvydas v. Davis*, 533 U.S. 678 (2001)—which subjects post-removal-order detention that exceeds six months to judicial scrutiny—"as essentially granting a license to graft a time limit onto the text of 1225(b)." *Id.* The Supreme Court in *Jennings* disagreed, noting that, unlike in *Zadvydas*, where the Court found the statutory phrase "*may* be detained" in 8 U.S.C. § 1231(a)(6) sufficiently ambiguous to "read in" a detention limitation, Sections 1225(b)(1) and (b)(2) "unequivocally mandate that aliens falling within their scope 'shall' be detained." *Id.* at 300 (emphasis in original). Therefore, the *Jennings* Court held that neither statute could be reasonably read to limit detention to a fixed time period. *Id.* at 301 (2018). *Id.*

The *Jennings* Court additionally rejected the argument that the statutory phrase "for further consideration" mandates detention only until the start of applicable proceedings, instead holding that both 1225(b) subdivisions "mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Id.* at 302. Accordingly, for asylum claimants subject to 1225(b)(1), "detention must continue until immigration officers have *finished* considering the application of asylum." *Id.* at 299 (2018) (emphasis added) (adopting alterations and internal quotations omitted).

In sum, *Jennings v. Rodriguez* squarely forecloses Petitioner's statutory claim. Because Petitioner appealed his asylum application denial and his appeal remains pending, the application remains under consideration. To hold otherwise would both contravene the *Jennings* holding and yield absurd results: An asylum applicant cannot simultaneously

appeal an immigration judge's asylum denial while also claiming that the immigration judge's determination foreclosed the application's consideration. Thus, while his appeal remains pending, Petitioner's detention is statutorily mandated. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("[T]he alien shall be detained for further consideration of the application for asylum."). The Court therefore need only determine if the statute itself violates due process.

## II. DUE PROCESS

This Court has previously held that DHS may detain aliens awaiting a final removal order under 8 U.S.C. § 1225(b)(2)(A) as a constitutionally permissible part of the removal process. *See Campos Bernal v. Frink*, 4:26-cv-2239 at 7, 10 (S.D. Tex. June 23, 2026) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)). But this particular Court has not yet addressed the constitutional authority to detain an alien under 8 U.S.C. § 1225(b)(1)(B)(ii). This challenge, however, is resolved by on-point precedent.

In *Department of Homeland Security. v. Thuraissigiam*, the Court held that aliens "detained shortly after unlawful entry" have "only those rights regarding admission that Congress has provided by statute." 591 U.S. 103, 140 (2020). This conclusion reflected the longstanding judicial principle that "an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982). Therefore, "[i]t is not within the province of the judiciary" to confer procedural

recourse to aliens beyond that which is identified in the applicable statute. *See Petgrave*, 529 F. Supp. 3d at 679 (citing *Ekiu v. United States*, 142 U.S. 651, 660 (1892)).

Here, as in *Thuraissigiam*, Petitioner was immediately detained and placed into expedited removal proceedings on the same day that he unlawfully entered the United States. Doc. 11-1. His rights are therefore confined to those provided by Congress. *See United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."). Petitioner has the right to appeal the immigration judge's denial of his asylum claim to the Board of Immigration Appeals—a right that he has exercised and thereby forestalled his removal. Docs. 1 ¶ 3, 11-5. In the interim, it would be both improper and imprudent for this Court to encroach onto that process by conferring additional extra-statutory protection. Pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), Petitioner shall remain detained pending his appeal. No further process is due.

* * *

In sum, the Government has appropriately detained Petitioner under 8 U.S.C. § 1225(b)(1)(B)(ii) pending the consideration of his application for asylum. He is not entitled to any additional process beyond that afforded by statute. As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 23rd of July, 2026.

Nicholas J. Ganjei
United States District Judge